IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Domestic Violence Protection Order for | ) ) ) | No. 40393-9-III |
| HANNAH HENNING. | ) ) ) | UNPUBLISHED OPINION |

LAWRENCE-BERREY, C.J. — Hannah Henning appeals the denial of their[1] petition for a domestic violence protection order (DVPO). Because trial courts, not appellate courts, weigh the credibility of evidence, and because the trial court here found that Hannah had not proved their claims of domestic violence, we affirm.

FACTS

Hannah Henning, a young adult, sought a DVPO against their father, Jeffrey Henning. In their petition, Hannah[2] chronicled years of physical and emotional conflict with their mother, Diane Henning, and Jeffrey's failure to protect them from the conflict. In addition, Hannah attached copies of messages reflecting Diane's anger about Hannah refusing to communicate with her.

---

[1] Hannah uses they/them pronouns. In their petition and during the DVPO hearing, Hannah referred to themself in the first person, and for this reason, the trial court may have failed to understand Hannah's pronoun preference. In addition, Hannah's parents referred to Hannah as "she." We encourage trial courts to ask a person their pronoun preference and adhere to the person's preference.

[2] Because the parties share the same last name, we refer to them by their first names. We mean no disrespect.

At the DVPO hearing, Diane did not respond to the serious allegations in Hannah's petition, said she only wanted the best for Hannah, explained she had respected Hannah's wishes for the past several months that she have no contact with them, and described her most recent interactions. Those interactions reflected a caring attitude toward Hannah, including a concern for their safety. At the end of the hearing, the trial court entered a finding that a preponderance of the evidence did not support issuing any type of protection order.

Hannah appeals to this court.

## ANALYSIS

### DVPO

Hannah argues the trial court erred by refusing to issue a DVPO to protect them against their father. We disagree.

A court shall issue a DVPO if it finds by the preponderance of the evidence that the petitioner has been subjected to domestic violence by the respondent. RCW 7.105.225(1)(a). "Domestic violence" is "[p]hysical harm, bodily injury, assault, or the infliction of fear of physical harm, bodily injury, or assault [or] coercive control . . . of one family or household member by another family or household member." Former RCW 7.105.010(9)(b) (2022). Here, the trial court found that Hannah had not proved they had been subjected to domestic violence.

2

We review a trial court's decision to deny a DVPO for abuse of discretion. *Graser v. Olsen*, 28 Wn. App. 2d 933, 940, 542 P.3d 1013 (2023). A trial court abuses its discretion when its ruling is manifestly unreasonable or based on untenable grounds or reasons. *Id.* A decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard. *Id.* We will not find abuse of discretion unless no reasonable person would take the view adopted by the trial court. *Id.*

"When an appellant contends that findings of fact do not support the trial court's conclusions, we limit our review to determining whether substantial evidence supports the findings and, if so, whether those findings support the conclusions of law. 'Substantial evidence' is evidence sufficient to persuade a fair-minded, rational person that the finding is true. This court defers to the trier of fact on the persuasiveness of the evidence, witness credibility, and conflicting testimony." *Id.* at 941-42 (citations omitted).

Here, Diane's comments during the DVPO hearing are inconsistent with the hurtful, uncaring mother described in Hannah's petition. Further, Jeffrey's comments during the hearing reflect a caring and protective attitude toward Hannah. Even though

3

No. 40393-9-III
*In re DVPO for Hannah Henning*

some of the text messages show Diane's anger about Hannah's decision to not have contact with her and other family members, they also show concern about Hannah's safety. Substantial evidence supports the trial court's finding that Hannah failed to prove they had been subjected to domestic violence.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Fearing, J.

Cooney, J.